UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>DOMINGO GONZALEZ, JR. | No. 3:09-cr-127 (SRU) |

**ORDER**

On February 22, 2021, I denied Domingo Gonzalez, Jr.'s ("Gonzalez") motion for compassionate release. *See* Order, Doc. No. 152. Currently before me is Gonzalez's motion for reconsideration of that denial. *See* Mot., Doc. No. 154. In the pending motion, Gonzalez alters his request: he now seeks a one-year reduction of his sentence as opposed to time-served. *Id.* at 2.

For the reasons that follow, the motion for reconsideration, doc. no. 154, is **DENIED**.

**I.    BACKGROUND**

I assume familiarity with the factual background of this case. *See* Order, Doc. No. 152 at 1–2. Therefore, I recount here only the background necessary for the resolution of this motion.

In July 2009, Gonzalez, who is currently incarcerated at FCI Bennettsville in Bennettsville, South Carolina, pled guilty to two counts of bank robbery and one count of possession of a firearm in furtherance of a crime of violence. I sentenced Gonzalez to 220-months' imprisonment and five years' supervised release. Judgment, Doc. No. 78. Gonzalez has been incarcerated since his arrest on May 22, 2009, and his scheduled release date is January 5, 2025.

On December 21, 2020, Gonzalez filed a compassionate release motion pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking release from incarceration on account of the COVID-19

pandemic, his pre-existing medical conditions, and the conditions of his confinement. *See* Mot. for Compassionate Release, Doc. No. 144. On February 22, 2021, I denied Gonzalez's motion for compassionate release ("Order") because he failed to establish that the factors set forth at 18 U.S.C. § 3553(a) justified the requested relief. *See* Order, Doc. No. 152, at 18. With respect to extraordinary and compelling reasons, I declined to definitively resolve the issue, given the failure of Gonzalez's motion on section 3553(a) grounds. *Id.* at 19.

## II.     STANDARD OF REVIEW

Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions "have traditionally been allowed within the Second Circuit." *United States v. Yannotti*, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006). District courts "have applied the applicable civil standard to such motions in criminal cases." *United States v. Larson*, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 27, 2013); *see also* D. Conn. Local R. Crim. P. 1(c) (applying Local Civil Rule 7(c) to criminal proceedings).

Under that standard, the moving party must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The major grounds justifying reconsiderations are when "the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *United States v. Brown*, 2021 WL 5872940, at *1 (2d Cir. Dec. 13, 2021) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (cleaned up). Such a motion does not provide "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a

second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (cleaned up).

### III.   DISCUSSION

1. <u>Motion for Reconsideration</u>

As a preliminary matter, Gonzalez's motion for reconsideration is untimely having been filed nearly ten months after the Order. "However, courts retain the discretion to excuse an untimely filing," and I exercise my discretion to review the merits of Gonzalez's motion. *United States v. Lisi*, 2020 WL 1331955, at *1 (S.D.N.Y. Mar. 23, 2020).

Nonetheless, Gonzalez fails to meet the "strict" standard for reconsideration. Critically, Gonzalez has not cited any decisions or data that I overlooked in my Order. Nor has Gonzalez presented any intervening change of controlling law, or the availability of new evidence. Instead, Gonzalez rests his current motion on three bases—none of which is meritorious.

First, Gonzalez references a news article that describes an unrelated drug case where I declined to impose prison time for another defendant. Section 18 U.S.C. § 3553(a)(6) requires a district court to consider nationwide sentence disparities for defendants who have been found guilty of *similar* conduct. The case Gonzalez refers to is wholly unrelated to his and involves different criminal conduct. It is simply not the pertinent comparison. More germane to the analysis is that Gonzalez's sentence is similar to the 240-month sentence his co-defendant received.

Next, Gonzalez points to his rehabilitation efforts and feeling like he has never been given a break. Those arguments, however, are not relevant to the merits of this motion because they were in essence raised when Gonzalez's motion for compassionate release was initially adjudicated. As reflected in the Order, I acknowledged "the difficulties in Gonzalez's life," and

his "substantial efforts at rehabilitation." Order, Doc. No. 152 at 10, 20. Still, I denied his motion because "rehabilitation of the defendant alone," even if commendable, cannot justify compassionate release. 28 U.S.C. § 994(t). By and large, I denied Gonzalez's motion for compassionate release because the section 3553(a) factors weighed against his release. Important to my analysis then, and still now, is that a sentence reduction would not achieve the aims of sentencing. Tellingly, Gonzalez could have received a life sentence. And although the 220-month sentence he received is significant, so too was his underlying offense conduct and criminal history. Gonzalez was convicted of two counts of bank robbery, and this was not his first robbery. Prior to this case, Gonzalez had been convicted 16 times of robbery in the first degree in the state courts as a result of a series of armed robberies of commercial stores and banks. Surely, each of those crimes is serious. Even more concerning is that the culmination of those offenses suggest that Gonzalez poses a serious recidivism risk.

Finally, Gonzalez states that he has tested positive for COVID since the issuance of the Order. Again, this argument does little to move the needle. In the Order, I declined to reach the question of whether extraordinary circumstances existed because Gonzalez failed to show that the section 3553(a) factors supported release. Because the section 3553(a) factors still counsel against release in this case, Gonzalez testing positive for COVID, while unfortunate, is insufficient to reconsider the prior denial of compassionate release.

2. <u>Renewed Motion for Compassionate Release</u>

Alternatively, Gonzalez's motion can be construed as a renewed motion for compassionate release. *See United States v. Burden*, 2021 WL 3742111, at *3 (D. Conn. Aug. 23, 2021) (treating motion for reconsideration as a renewed motion for compassionate release). Whether I treat Gonzalez's motion as a motion for reconsideration or renewed motion

compassionate release, the outcome would be the same. Gonzalez is not entitled to a one-year sentence reduction because, for the reasons already articulated herein, the reduction would not be supported by the factors set forth in section 3553(a).

## IV.    CONCLUSION

In sum, I find that Gonzalez has not met the strict standard for reconsideration, and a sentence reduction would not achieve the aims of sentencing. Therefore, Gonzalez's motion for reconsideration, or in the alternative, renewed motion for compassionate release, doc. no. 154, is **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut this 15th day of June 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge